JURY SERVICE — TEACHERS A board of education may not adopt a policy granting to a teacher who serves on a jury leave with pay reduced by the amount received for jury service. Where a school district defines emergency leave as including jury service, a teacher may utilize such leave within the five-day per year statutory limitation. Leave for jury service in excess of any emergency leave available would constitute absence for personal business requiring a reduction of the teacher's salary of the amount actually paid for a substitute. The Attorney General has considered your request for an opinion on the following questions "Question No. 1. Where a teacher has served on a jury and has been paid for such services, may the board of education of a school district, by regulation or policy or otherwise, require the teacher to pay the amount received for such service to the school district presumably in return for receiving the full contract salary while serving on the jury? "Question No. 2. When a teacher is serving on a jury, may the board of education of a school district withhold from such teacher's salary, an amount sufficient to pay the substitute teacher?" We presume that your questions have arisen by reason of the recent amendment of the statute providing qualifications of jurors deleting the exemption of teachers from jury service. 38 O.S. 28 [38-28] (1975). As to your first question, we find no statute authorizing a board of education to require a teacher to pay the fee received for jury service to the school district. A system similar to that about which you inquire is provided generally for federal employees. Under 5 U.S.C.A. 6323, such employees are provided leave without loss in pay to serve as a juror, and under 5 U.S.C.A. 5515, the amount received by the employee as juror is to be credited against the pay payable to him. We find no Oklahoma statute authorizing such a system for compensation of public employees. Oklahoma does require public employers to grant leave with pay for members of the National Guard called to active service during the first 20 days of such leave. 44 O.S. 209 [44-209] (1975). Similarly, public and private employers are required to grant two hours off to employees to vote on election day. 26 O.S. 7-101 [26-7-101] (1975). No similar state statute exists, however, providing for leave with pay for jury service, or providing for leave with pay after crediting the amount received for jury service. It is of interest that the constitutionality of an Alabama statute requiring employers to pay employees serving as jurors their usual compensation less that received as jurors was recently upheld by the United States Supreme Court in Dean v. Gadsden Times, 412 U.S. 543, 93 S.Ct. 2264,37 L.Ed.2d 137 (1973). The Oklahoma School Code provides for certain types of leave with pay for teachers. Under 70 O.S. 6-104 [70-6-104] (1975), teachers are entitled to accrue ten days sick leave per year without loss of pay, and the school district may provide not more than five days each year of emergency leave without loss of pay. Section 70 O.S. 6-104 [70-6-104] further provides: "Each school district will determine the purposes for which emergency leave can be used." Under such language the school district apparently could make jury service one of the purposes for use of emergency leave, and a teacher having such emergency leave available could use such leave within the five-day limitation to receive leave with pay while serving as a juror. As to your second question, to the extent that a teacher has no emergency leave available to cover a period of jury service, the leave would apparently come within the statutory classification of being absent by reason of personal business. Under such circumstances, 70 O.S. 6-105 [70-6-105] (1971) provides: "A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute." It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A board of education may not adopt a policy granting to a teacher who serves on a jury leave with pay reduced by the amount received for jury service. Where a school district defines emergency leave as including jury service, a teacher may utilize such leave within the five-day per year statutory limitation. Leave for jury service in excess of any emergency leave available would constitute absence for personal business requiring a reduction of the teacher's salary of the amount actually paid for a substitute. (Joe C. Lockhart)